**NGS AMERICAN, INC., and Masco Industries Self–Funded Employee Benefit Plans, Plaintiffs,**

v.

**Philip W. BARNES, in his capacity as Commissioner of Insurance for the State of Texas, Defendant.**

Civ. A. No. 91–76610.

United States District Court, E.D. Michigan, S.D.

Feb. 13, 1992.

Stephen Wasinger, Honigman Miller, Detroit, Mich., for plaintiffs.

John Hohengarten, Austin, Tex., for defendant.

## ORDER OF TRANSFER

GADOLA, District Judge.

Plaintiffs NGS American, Inc. ("NGS") and Masco Industries Self–Funded Employee Benefit Plans ("Masco Plan") filed their complaint in the United States District Court for the Eastern District of Michigan on December 4, 1991. Five days later plaintiffs filed a motion for summary judgment and for permanent or preliminary injunction. Defendant filed a response January 21, 1992, along with a motion to dismiss. Plaintiffs filed a response to the motion to dismiss February 5, 1992. Defendant filed a motion for sanctions February 7, 1992.

## BACKGROUND FACTS

Masco Industries established a plan to provide medical and other benefits to its employees. The Masco Plan is an "employee benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA") section 3(1), 29 U.S.C. § 1002(1), and it is subject to the regulations contained in ERISA. Masco Industries' principal place of business is in Michigan, and it performs most plan administrative functions in Michigan. There are participants or beneficiaries of the Masco Plan residing in Texas who make claims for benefits from Texas.

NGS is a Michigan corporation with its principal place of business in Macomb County, Michigan, and no offices in Texas. From its offices in Michigan, NGS serves as a contract administrator in providing claims adjudication and other administrative services for self-funded ERISA plans. The Masco Plan is one of the plans for which NGS serves as a contract administrator. Any contacts which NGS has with Texas arise from NGS' services as a contract administrator for self-funded ERISA plans having participants or beneficiaries in Texas.

In an October 29, 1991 letter, the Texas Department of Insurance notified NGS that the department was considering disciplinary action, including the assessment of penalties, against NGS based on purported violations of article 21.07–6 because NGS had allegedly acted as a third party administrator for ERISA welfare plans in Texas without obtaining a certificate of authority to do so.

The Masco Plan and NGS seek to enjoin defendant from enforcing article 21.07–6 against NGS because, as applied to NGS and other contract administrators for self-funded ERISA welfare plans such as the Masco Plan, article 21.07–6 is allegedly preempted by ERISA section 514, 29 U.S.C. § 1144.

## JURISDICTION

In his motion to dismiss, defendant contends that this court lacks federal subject matter jurisdiction because plaintiff NGS,

as a plan administrator, not a fiduciary, is not able to bring a civil action under the ERISA statute. Defendant contends that plaintiff Masco Plan has no standing to sue because it has no "personal stake" in the outcome. Defendant's mot. at 1. Defendant further contends that subject matter jurisdiction is barred by the Tax Injunction Act, 28 U.S.C. § 1341, which provides that "district courts shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

■ The court finds that federal subject matter jurisdiction does exist in the instant suit. In *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the United States Supreme Court entertained a suit brought by employers claiming that certain state laws were pre-empted by ERISA. Despite the fact that employers are not among the entities statutorily authorized to bring suit under ERISA section 502, 29 U.S.C. § 1132, the Supreme Court explained that there was federal jurisdiction over the action.

It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. [Citations omitted.] A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve. [Citations omitted.]

*Shaw*, 463 U.S. at 96 n. 14, 103 S.Ct. at 2899 n. 14. In the instant action plaintiffs are seeking injunctive relief from Texas regulation on the ground that such regulation is pre-empted by ERISA. Thus, plaintiffs present a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

The Tax Injunction Act is inapplicable to the case at bar, as plaintiffs are not challenging the collection of any tax.

## VENUE

In his motion to dismiss, defendant contends that venue is improper because the cause of action does not arise under ERISA. Defendant further contends that venue is improper because "[u]nder the general venue statute at 28 U.S.C. § 1391, venue is limited to a judicial district where the defendant may be found, i.e., the United States District Court for the Western District of Texas, Austin Division." Defendant's mot. at 2.

■ The venue provision of ERISA is expressed in 29 U.S.C. § 1132(e)(2), which states

[w]here an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The place where state officials perform official duties is the official residence of state officials for venue purposes. *Birnbaum v. Blum*, 546 F.Supp. 1363, 1366 (S.D.N.Y. 1982). Thus, defendant Barnes, an official of the State of Texas who is being sued in his official capacity, resides or may be found in Texas. Because the instant action does not relate to an ERISA plan's benefits or a breach of such a plan, the court finds that the instant action may be brought only in the district where the defendant is deemed to reside. Thus, venue in this court is improper.

The United States Supreme Court reversed a venue decision by the Court of Appeals for the Fifth Circuit in *Leroy v. Great W. United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). The Court held that there was only one obvious locus, the District of Idaho, for a suit by a Texas-based corporation bringing suit against Idaho officials who were applying an Idaho statute to prevent the Texas corporation's takeover effort of an Idaho-based corporation. In applying the general venue statute, 28 U.S.C. § 1391, the Court found that because the merits of plaintiff's

claims depended on a proper interpretation of the state's statute, federal judges sitting in Idaho were better qualified to construe Idaho law and to assess the character of Idaho's probable enforcement of that law than were judges sitting elsewhere. *Leroy*, 443 U.S. at 186, 99 S.Ct. at 2718.

Plaintiffs' claims rely on a determination of the constitutionality of article 21.-07–6 of the Texas Insurance Code; thus, it is clear that federal judges sitting in Texas are better qualified than this court to construe Texas law and to assess the character of Texas' probable enforcement of that law.

In addition, the court notes that there is a great likelihood that corporations from various states may be challenging the constitutionality of the Texas Insurance Code based on the same claims alleged by plaintiffs in this action. Therefore, in the interest of uniformity of application, particularly where ERISA is concerned, it is provident that this case be transferred to a federal court in Texas.

Pursuant to 28 U.S.C. § 1406(a), the court may dismiss this case or transfer it. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* In the interest of justice, the court shall transfer the instant action rather than dismiss it because the sole, obvious locus is readily determinable.

The court, in transferring the action to his learned brothers and sisters of the United States District Court for the Western District of Texas, Austin Division, withholds judgment on the remaining motions, plaintiffs' motion for summary judgment and defendant's motion for sanctions.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that the instant action is TRANSFERRED to the United States District Court for the Western District of Texas, Austin Division.